## Burnett et ux. v. East Stroudsburg School District

*F. B. Holmes,* for plaintiffs; *Erdman & Williams,* for defendant.

SHULL, P. J., October 25, 1932.—The plaintiffs bring this action to recover 6 percent interest on the purchase price of a certain piece of land sold to the defendant under an agreement bearing date May 16, 1931, the purchase price of which was not paid until May 19, 1932.

While it is well settled as a general proposition of law that a vendee in possession of real estate is required to pay interest upon the unpaid portion of the purchase price of such real estate, and unquestionably this defendant would, under the general rule, be liable for interest at a legal rate, were there nothing in this case to differentiate it from the usual case of this type, the facts in the case stated disclose that there was doubt as to the title of the plaintiff, which doubt arose by reason of a most ambiguous will made by Mrs. M. L. Bach and duly probated after her decease.

Under this will no prudent person would have accepted title without judicial interpretation of the will. This doubt or uncertainty as to the title was shared

as well by the plaintiffs in the action as by the defendant, and the interpretation of this will, as the action was brought, affected other real estate of the plaintiffs, formerly the property of Mrs. M. L. Bach, which was much greater in extent and value than the parcel of real estate directly involved between these parties. The action for the interpretation of this will was brought by agreement between these plaintiffs and the defendant, and under the agreement, regardless of the outcome of the action, plaintiffs were to pay all costs.

The defendant had in hand the necessary fund to pay the purchase price. It would not have been practical to have invested it at the legal rate of interest, as it was to be paid to the plaintiffs not at a time certain but at the termination of the proceedings for the interpretation of the will, and these proceedings were, as we have indicated above, of vastly more importance to these plaintiffs than to the defendant. The delay in paying the purchase money was in no way due to laches or to reluctance or refusal on the part of the defendant to comply with the terms of the agreement. The case stated does not disclose that any income from the real estate in question was received by this defendant. The purchase money was placed on deposit in the bank at 3 percent interest, and to this accumulation of interest defendant concedes the plaintiffs are entitled, but the defendant protests being penalized for its coöperation with the plaintiffs, which coöperation resulted infinitely more to the benefit of the plaintiffs than to the benefit of this defendant, and this coöperation in the legal action was the one and only cause of delay in the payment of purchase money.

As we view it, the circumstances surrounding this case are such that an application to it of the general rule which requires the payment of interest at the legal rate would not only be harsh but would be most inequitable, and therefore this case does not fall within the general rule. Under the circumstances here disclosed, this defendant should not be called upon to pay interest at a greater rate than that which was actually received on the purchase money deposited in the bank as above set forth.

And now, October 25, 1932, in accordance with the 12th paragraph of the case stated, judgment is entered in favor of the plaintiffs and against the defendant in the sum of $114.73.

From C. C. Shull, Stroudsburg, Pa.